Law Offices of Danielle Iredale, APC
Danielle Iredale
CA SBN: 304693
185 West F St.  Ste. 100
San Diego, CA 92101
Tel: (619) 230-5606
iredalelaw@gmail.com

Attorney for Jose Maria Murillo-Estrada

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:   22CR889-CAB |
| Plaintiff, | Hon. Cathy Ann Bencivengo |
| v. | |
| Jose Maria Murillo-Estrada, | **RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE** |
| Defendant. | |

TO:   UNITED STATES OF AMERICA, PLAINTIFF; ROBERT S. BREWER, UNITED STATES ATTORNEY; AND AMY B. WONG AND FRED A. SHEPPARD, ASSISTANT UNITED STATES ATTORNEYS:

**I.     Initial Matters**

A. Mr. Murillo will respond using the same lettering as in the Government's Motions, ECF Doc. No. 54.

B. Mr. Murillo is contemplating a bench trial, and hereby notifies the Court of his intention, understanding that FRCP 23 requires a written waiver, Government consent, and Court approval.  Mr. Murillo reserves his right to a jury trial unless and until he waives that right at his Motions in Limine Hearing to be held on March 17, 2023.

## II. RESPONES IN OPPOSITION TO GOVERNMENT MOTIONS IN LIMINE

### A. "Motion to Admit Rule 404(b) Evidence"

The Government moved to admit "evidence of [Mr. Murillo's] prior assault on a federal officer" pursuant to FRE 404(b). ECF Doc. No. 54. The theory of admissibility set forth is that the prior assault "tends to prove his motive, intent, and absence of mistake in committing the assault." Mr. Murillo agrees that the 2019 act is not too remote in time and is similar to the offense charged. However, Mr. Murillo does disagree that the prior act proves a material point. This is because, as both parties agree, assault is a general intent crime. See ECF Doc. No. 54, page 11, lines 16-18. Thus, Mr. Murillo's intent –put by the government as "*why* Defendant would have assaulted SDDO Redondo"– is not relevant. The prior assault conviction does not bear on his intent in this case. Moreover, the evidence should be excluded under Rule 403, because intent is not in dispute and therefore any marginal probative value of the evidence is substantially outweighed by the danger of drawing a propensity inference against Mr. Murillo. *See United States v. Preston*, 873 F.3d 829, 841 ("We have long held that where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.") There is no disagreement as to the general intent nature of the crime charged— the *why* is not relevant. Thus, the evidence must be excluded.

Mr. Murillo, however, can see a basis for admission under the absence of mistake theory *if* he were to for example that he slipped and fell on SDDO Redondo's face. Barring that defense theory, however, the evidence should be excluded.

//
//

2

### B. "Admit 609 Evidence"

If the Government is seeking only to introduce a sanitized version of the criminal conviction, *e.g.* simply the fact of a prior felony conviction and no underlying facts and circumstances, Mr. Murillo submits that the probative value of his prior conviction for a felony offense does not outweigh its prejudicial effect. The special balancing test of FRE 609, which is more protective of the defendant, is not met in this case. The prior conviction has no bearing on Mr. Murillo's credibility.

If the government seeks to admit specifics, Mr. Murillo objects as outlined in Section C.

### C. Admit Certified Court Records

In Section "C," the Government indicates that they seek to introduce the factual basis of Mr. Murillo's plea agreement under both FRE 404(b) and FRE 609. The factual basis is not admissible under FRE 609, nor is the specific nature of the crime itself. Indeed, the *Browne Factors* laid out by the Government counsel against admissibility. As the Court stated in *United States v. Browne,* 829 F.2d 760 (9th Cir. 1987):

> In *Bagley*, we held that the trial court abused its discretion in allowing evidence of two prior bank robberies to be admitted to impeach a defendant who was on trial for bank robbery. There, we dismissed the argument that evidence of the prior bank robberies had probative value which substantially outweighed the prejudice to Bagley, reasoning as follows:
> Where, as here, the prior conviction is sufficiently similar to the crime charged, there is substantial risk that all exculpatory evidence will be overcome by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again. Such a risk was clearly present in this case.

829 F.2d at 763 (*citing United States v. Bagley*, 765 F.2d 836, 841(9th Cir. 1985).

Here, that substantial risk is present: Mr. Murillo is on trial for assault on a federal officer and the government seeks to bring in a prior assault on a

federal officer conviction. Mr. Murillo's testimony is hugely important – this is a basically a "he said/he said" case.

Of course, what cannot be determined unless and until Mr. Murillo testifies is the specific impeachment value of the prior conviction. The fact of the prior assault conviction alone does not tend to impeach Mr. Murillo. It is not a crime bearing on honesty or deceit. But, Mr. Murillo understands that if his testimony were to be directly controverted by the prior conviction, for example, were he to say that he has never been convicted of a crime, then the impeachment nature would become evident. Thus, Mr. Murillo moves to exclude the prior conviction unless and until it becomes relevant for impeachment.

The prior conviction, and specifically the factual basis, is not admissible for the same reasons as stated in subpart A, above.

### D. Preclude Defense Expert Witness

The Government moves to preclude Defense Expert Witness for the following reasons:

1. "Defendant has not provided a complete statement as Required by Rule 16"

This was true at the time of the Government's filing and certainly a fair point to make. However, a few hours after the Government filed, Mr. Murillo disclosed Dr. Shaw's report which outlines a complete statement of all opinions.

2. "Defendant's proposed expert testimony is not reliable or relevant."

As stated above, Mr. Murillo disclosed Dr. Shaw's report on March 3, 2023. The government argues in "a" that the reasoning and methodology is not reliable. While conceding that Dr. Shaw is qualified to offer the expert testimony regarding forensic psychology, insanity, mental disease and defect, or any other condition under Rule 12.2, the government argues that

4

the proposed methodology –opining on salient portions of Mr. Murillo's testimony– is not reliable.

First, while true at the time of filing that Dr. Shaw had not provided opinions based on the record, since then, Dr. Shaw has drafted, and Mr. Murillo has turned over, her report regarding the existing record.[1] Notably, the Government's own expert drafted a report based on the record and made the conclusion —that Mr. Murillo was not legally insane at the time of the incident— without interviewing Mr. Murillo. This is an appropriate case to apply the Ninth Circuit approved maxim, "sauce for goose is sauce for the gander." *See United states v. Bay*, 762 F.2d 1314, 1315 (9th Cir. 1984) (finding error in the trial court's refusal to permit defendant to show his hands to the jury and not submit to cross-examination because the government is routinely permitted to compel a defendant to show various types of physical characteristics to a jury… Thus, while no case had addressed the issue, the Court applied the maxim "what's sauce for the goose is sauce for the gander."). To the extent both experts acknowledge that their conclusions are severely limited by their lack of an interview with Mr. Murillo, both are qualified to render an opinion based on the record before them.

In part "b," the government argues that the testimony may not be relevant. Mr. Murillo agrees that he is prohibited from arguing diminished capacity because assault is a general intent crime, and as such, he has not provided notice under Rule 12.2(b), nor does he intend to proceed under that theory.

---

[1] Specifically, Dr. Shaw reviewed the following: Border and Homeland Security report of investigation records, 2019; Forensic report by Dr. Gilbert, 11/21/2019; Forensic report by Dr. Gilbert, 06/24/2021; Presentence Investigation report, 12/13/2021; Plea Agreement, 04/02/22; Complaint, 06/06/2022; Border and Homeland Security records, 2022; Bureau of Prisons Medical and Psychology records, 2022-23; Recording of meeting with prosecutor, 01/12/2023.

The final argument the government makes is that the testimony may become relevant to the "extent Defendant avails himself to an evaluation by experts for both parties." It should be noted, based on information and belief, the government has not moved the Court for an order granting their expert an opportunity to interview Mr. Murillo pursuant to FRCP 12.2(c)(1)(B) and thus Mr. Murillo has never denied Dr. Badre, the government expert, an interview. Mr. Murillo respectfully submits that *United States v. Telles*, 18 F.4th 290 (9th Cir. 2021) is in fact, not instructive, because in *Telles*, there was an unfairness which is not present in the instant case. In *Telles*, the Ninth Circuit affirmed the District Court's decision to exclude the defense expert pursuant to FRCP Rule 12.2(d) because Mr. Telles did not submit to an examination by the government expert, but did submit to an exam by the defense expert. 18 F.4th at 300-301. Because the Ninth Circuit affirmed the district court's ruling based on FRCP 12.2(d), the Court declined to review the other bases for exclusion, specifically Rule 702 and 704. *Id.* Mr. Murillo acknowledges that both experts are at a disadvantage, and for that reason has offered the government the opportunity to meet and confer with his expert, and also suggests that if Mr. Murillo testifies, the Court exclude Dr. Shaw and Dr. Badre from witness exclusion orders, thus allowing them to observe Mr. Murillo and incorporate that new information into their already thorough reviews of the record in this case.

Finally, here, Dr. Shaw is not giving an opinion on the ultimate issue. As far as FRE 702, both Dr. Shaw and Dr. Badre note in their reports that their conclusions are limited by the lack of an interview with Mr. Murillo. Just because Dr. Shaw cannot offer perfect evidence, does not mean she cannot offer any evidence. In other words, the limitations on her conclusions due to a lack of an interview should go to weight and not

admissibility. As the Ninth Circuit explained in Kennedy vs. Collagen Corp, 161 F.3d 1226, 1230-1231(9th Cir. 1998),

> Judges in jury trials should not exclude expert testimony simply because they disagree with the conclusions of the expert.
> The *Daubert* duty is to judge the reasoning used in forming an expert conclusion. The test is whether or not the reasoning is scientific and will assist the jury. If it satisfies these two requirements, then it is a matter for the finder of fact to decide what weight to accord the expert's testimony. In arriving at a conclusion, the factfinder may be confronted with opposing experts, additional tests, experiments, and publications, all of which may increase or lessen the value of the expert's testimony. But their presence should not preclude the admission of the expert's testimony - they go to the *weight*, not the admissibility. As one court has summarized:
> Disputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.

### E. "Admit United States' Expert Witness"

If Dr. Shaw is permitted to testify, Mr. Murillo has no objection to the Government's proffered witness. Mr. Murillo received a report from this expert. The only caveat is that Dr. Badre should be precluded from testifying regarding the ultimate issue in this case pursuant to FRE 704. Mr. Murillo also does not object to Dr. Badre supplementing his report after review of Dr. Shaw's report.

DATED: March 9, 2023              Respectfully Submitted,

                                  */s/Danielle Iredale*
                                  Danielle Iredale,
                                  Attorney for Jose Estrada-Murillo

7